# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEVE CHADWICK              *

Plaintiff                   *

v                           *        Civil Action No. RDB-09-3329
                                     (Consolidated Cases: RDB-09-3332
ANNA MADDOX, et al.         *               and RDB-09-3334)

Defendants                  *

\*\*\*

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 13. Plaintiff has filed an opposition to the motion. Paper No. 15. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, will be granted.

## Background

Plaintiff alleges his constitutional rights were violated when he was not permitted to present certain evidence in his defense at an institutional disciplinary hearing. Paper No. 1. Plaintiff states he requested the video from the security camera stationed in the area where the incident occurred. Because Sergeant Johnson testified that neither staff or inmates were allowed access to the security video tapes, Plaintiff's request for the video was denied. Paper No. 7. He states that Johnson's testimony was perjurious and violated his Sixth Amendment rights. *Id*. He claims Defendant Anna Maddox's denial of his request was a denial of his right to have "compulsory process to attain witnesses in his favor." Paper No. 1. Plaintiff attempted to appeal the guilty finding to the Inmate Grievance Office (IGO), but was denied a hearing by Defendant

Paula Williams. Paper No. 5. Plaintiff states Williams "errantly denied his request to proceed and waive exhaustion for good cause shown." *Id*.

Defendants state that Plaintiff was charged with masturbating after two officers observed him stroking his erect penis in an area near the prison kitchen. Paper No. 13 at Ex. A, pp. 3 -- 4. Plaintiff did not indicate that he wanted any witnesses at his hearing, denied engaging in the behavior, and requested the presence of the security video as evidence. *Id*. at pp. 5—7. The hearing officer found Plaintiff guilty, noting that two officers submitted statements that he engaged in the behavior and that Plaintiff did not seek to challenge the statements by calling either officer as a witness for the hearing. *Id*. at pp. 7—8. Plaintiff was sentenced to 45 days of segregation. *Id*.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

In prison disciplinary proceedings involving the possible loss of good conduct credits, a prisoner is entitled to certain due process protections.[1] *See Wolff v. McDonnell*, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v.*

---

[1] The full panoply of constitutional rights afforded by the Sixth Amendment to criminal defendants at trial, such as compulsory process, do not apply to prison disciplinary hearings.

*Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.").

Plaintiff asserts that although he did not lose good conduct time, he lost other privileges as a result of the adjustment conviction, including loss of his job, increased penalties in subsequent adjustment proceedings as a repeat offender, and loss of a single cell assignment. Papers No. 15. Notwithstanding the loss of those privileges and the collateral effect of the adjustment conviction on subsequent disciplinary proceedings, Plaintiff's due process rights were not violated. Plaintiff received advanced notice of the charges against him; he was afforded the opportunity to call witnesses; he received a hearing; and he received a written decision in which the guilty verdict was supported by some evidence.[2] Plaintiff's requested evidence, the security video, could not be produced without a compromise in security and staffing concerns. Thus, the denial of the security video did not violate due process.

Defendants shall be granted summary judgment in a separate Order which follows.

May 11, 2010  /s/
Date  RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] The reports by Correctional Officers Crowe and Pratt are "some evidence" of Plaintiff's guilt. Paper No. 13 at Ex. A.